Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the circuit court, in favor of Brownlee, in an action of ejectment brought against him by Pitman.
Pitman asserts title to the land in contest through a deed of conveyance executed to him by commissioners appointed by an act of the legislature of this country, in 1799, entitled “an act for selling part of the real estate of William Pitman, deceased, for the benefit of Thomas Pitman his security;” and on the trial in the circuit court introduced a patent which issued to William Pitman, and a deed executed by the commissioners, including the land in contest, and proved by a transcript from the records of the Lincoln circuit court, that a judgment had been recorded against the said Thomas Pitman in his personal right, and as administrator of the decedent, William, for l.360 damage, and that the commissioners sold the land for less than the judgment; but it was also proven that the judgment aforesaid had, previous to the sale by the commissioners, been reversed by a decision of this court, and it was admitted by the parties, that the judgment against the said Thomas was obtained on an obligation under seal; and also proved that the appellee at the time the ejectment was commenced, was, and still remained in possession of the land. Whereupon, the court, on the motion of the defendant, instructed the jury that Pitman, the plaintiff in that court, upon the evidence, taken in connection with the act under which the land was sold by the commissioners, could not recover.—Whether, therefore, the court decided correctly in giving the instructions, is the only question presented for the consideration of this court.
The act of 1799, which authorises the commissioners to sell, provides, that William Buckner, Elias Barbee, Nathaniel Owens and William Barnett, be, and they are hereby appointed commissioners, who, or any three of whom, are hereby authorised and empowered to sell and execute deeds of conveyance for so much of the real estate of William Pitman, deceased, as will be sufficient for the payment of his debts, including a judgment obtained against Thomas Pitman as his security, for the conveyauce of certain lands. Were the judgment of the Lincoln court still in *211 full force, there could be but little difficulty in sustaining the appellant’s title, for as it was obtained against Thomas Pitman in his personal right, as well as administrator for William, prior to the passage of the act, it may reasonably be inferred to be the judgment, in satisfaction whereof the legislature designed to invest the commissioners with authority to sell and convey the lands of William Pitman, deceased. But as was only in satisfaction of the debts including the judgment, the commissioners were authorised to sell, it is plain, that after a reversal of the judgment by the decision of this court, it cannot have justified the subsequent sale—by the reversal, the judgment became extinct and inoperative, and consequently cannot thereafter have imposed any obligation upon the heirs of William Pitman, or charge upon his estate.
Officers of government acting under general laws, will be presum'd to have acted correctly 'til the contrary is shewn, but the rule does not extend to agents appointed by the legislature pro hoc vide;—they must shew the propriety of their proceedings.
If, then, we are correct in supposing the judgment, after reversal, did not authorise the sale by the commissioners, it follows, that the appellant failed to shew the existence of any debt against the estate of William Pitman, in satisfaction of which his lands could, under the provisions of the act, be regularly sold.
It is true the judgment was admitted by the parties to have been obtained upon a bond under seal, but as that bond from the recital of the act appears to have been given for the conveyance of lands, it is impossible for this court to know how much, if any thing, may be recovered upon it, and by the act so much of the estate only of William Pitman was authorised to be sold as might be sufficient to pay his debts.
Assuming, therefore, that no debts were proven against the estate of William Pitman, which warranted the sale by the commissioners, the principle is not perceived upon which the title of the appellant, derived through them, can be sustained.
It certainly cannot be sustained unless by the sale and conveyance of the commissioners it should be presumed that debts to an amount greater than that for which the land sold existed against the estate.
Such a presumption, we are of opinion, ought not, however, to be indulged. Officers of government, acting under the authority of general laws, should no doubt be presumed to have done their duty; but we are aware of no principle upon which the rule can be extended to the acts of those deriving authority under a special law to perfom *212 services in the county of a local and private character.—The judgment of the court below must, therefore, be affirmed with costs.
Daviess for plaintiff.